UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

NOBLE PROPERTIES, LTD. and
ASCEND GROCERY, LLC d/b/a SAVE A LOT,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, NOBLE PROPERTIES, LTD. and ASCEND GROCERY, LLC d/b/a SAVE A LOT (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a grocery located on or about 700 Cheney Hwy Titusville, FL 32780 (hereinafter "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in South Florida. Additionally, Plaintiff enjoys the South Florida weather and the multiple sporting events, festivals, and events that occur throughout South Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7. Defendant, NOBLE PROPERTIES, LTD., is a Florida Limited Partnership which is authorized to and does transact business in the State of Florida and within this judicial district.

8. Pursuant to the Brevard Property Appraiser's Office, Defendant, NOBLE PROPERTIES, LTD., is the owner and/or operator/manager of the real property located on or 700 Cheney Hwy Titusville, FL 32780 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

9. Defendant, ASCEND GROCERY, LLC, is a LLC which is authorized to and does transact business in the State of Florida and within this judicial district.

10. According to the Brevard Tax Collector's Office, the Defendant, ASCEND GROCERY, LLC, was licensed on December 17, 2021 to provide Permanent Food Service and Seating and occupies 700 Cheney Hwy Titusville, FL 32780 as a bakery known as "SAVE A LOT".

11. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff recently visited the Subject Premises on or about January 10, 2023 to purchase groceries and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 17. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

17. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

**Accessible Route**

i. There is no level landing at the top of the curb ramp making it difficult for the plaintiff to traverse. Violation: Landings shall be provided at the tops of curb ramps. The landing clear length shall be 36 inches minimum. The landing clear width shall be at least as wide as the curb ramp, excluding flared sides, leading to the landing complying with §406.4 of the 2010 ADA Standards. Recommendation: Reconfigure curb ramp to provide a compliant level landing at the top as required in §406.4. Estimated Cost: Less than $3,500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §406.4 of the 2010 ADA Standards. Accessible Routes, Curb Ramps.

ii. The accessible route connecting building to building has cross slopes exceeding the maximum allowance of 2.1% (1:48) making it difficult for the plaintiff to traverse. Violation: The cross slope of walking surfaces shall not be steeper than 1:48 complying with §403.3 of the 2010 ADA Standards. Recommendation: Provide accessible route that does not exceed 2.1% cross slope as required. Estimated Cost:

$3,500The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §403.3 of the 2010 ADA Standards. Accessible Routes, Walking Surfaces.

### **Entrance**

i. The plaintiff had difficulty identifying the facility as accessible as there is no signage indicating accessibility posted at the main entrance. Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 of the 2010 ADA Standards. Recommendation: Provide signage at the front entrance. Estimated Cost: Less than $75. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.3 of the 2010 ADA Standards-Signs.

### **Grocery Aisles**

i. The drinking fountains minimum required clear floor space is obstructed by the "Wet Floor" signs making it difficult for the plaintiff to utilize.  Violation: Units shall have a clear floor or ground space complying with §305 positioned for a forward approach and centered on the unit as required by §602.2 of the 2010 ADA Standards. Recommendation: Remove the signs to provide the required clear floor space as required.  The

removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §602.2 of the 2010 ADA Standards. Drinking Fountains. Clear Floor Space.

**Men's Public Accessible Restroom**

    **i.**    The toilet compartment stall door is not self-closing making it difficult for the plaintiff to utilize. Violation: The toilet compartment stall door shall be self-closing as required by §604.8.1.2 of the 2010 ADA Standards. Recommendation: Provide a compliant toilet compartment stall door with a self-closer as required by §604.8. Estimated Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8 of the 2010 ADA Standards. Toilet Compartment Doors.

    **ii.**    The plaintiff had difficulty entering and exiting the toilet compartment stall because there are no door pulls on both sides of the stall door. Violation: A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch as required by §604.8.1.2 of the 2010 ADA Standards. Recommendation: Install u-shaped loop handles on both sides of the stall door 34 inches minimum and 48 maximum above the finish

floor. Estimated Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8 of the 2010 ADA Standards. Toilet Compartments. Doors.

iii. The plaintiff had to use caution when utilizing the lavatory due to the water supply line underneath the lavatory being exposed and in need of insulation. Violation: The drainpipe and water supply lines under the lavatory shall be fully insulated or otherwise to protect against contact to comply with §606.5 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Install insulation around the exposed drain pipe and water supply lines as required. Estimated Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606 of the 2010 ADA Standards. Lavatories.

iv. The toilet's rear wall grab bar is not mounted 12 inches minimum from the center line of the water closet on one side and 24 inches on the other side which does not allow the plaintiff to transfer safely onto the seat. Violation: The rear wall grab bar shall be 36 inches long

|     | minimum and extend from the center line of the water closet 12 inches minimum on one side and 24 inches minimum on the other side as required by §604.5.2 of the 2010 ADA Standards. Recommendation: Remove and reinstall the grab bar to comply with §604.5.2. Estimated Cost: $300.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5.2 of the 2010 ADA Standards. Grab Bars. Rear Wall |
|-----|---|
| **v.** | The toilet paper dispenser located above the side wall grab bar does not provide the required minimum 12 inches of spacing above the grab bar making it difficult for the plaintiff to transfer onto the seat. Violation: The space between the grab bar and projecting objects above shall be 12 inches minimum as required by §609.3 of the 2010 ADA Standards. Recommendation: Remove and reinstall the dispenser to comply with §604.5.2 and §609. Estimated Cost: $300.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §609.3 of the 2010 ADA Standards. Grab Bars. Spacing. |

**18.** The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

**19.** The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**20.** The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

21. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

22. Because, *inter alia,* this facility was designed, constructed, and received its Certificate of Occupancy on December 17, 2021, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

23. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

24. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises

as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

25. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

26. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

27. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

28. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

29. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

30. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646

WassenbergL@gmail.com

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 800-0405
GGoldstein@G2Legal.net